UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KERWIN JESUS GONZALEZ-HUMBRIA,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-06710-DAD-SCR (HC)

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS*, FOR TEMPORARY RESTRAINING ORDER, AND TO APPOINT COUNSEL

(Doc. Nos. 2, 3, 4)

On August 24, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus, motion to proceed *in forma pauperis*, motion for temporary restraining order, and motion to appoint counsel. (Doc. No. 1, 2, 3, 4.) On August 25, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In addition, the court temporarily enjoined petitioner's transfer or removal in order to maintain the status quo pending the court's forthcoming order resolving petitioner's motion for temporary restraining order. (*Id.*)

/////

August 27, 2026, respondent filed an opposition. Therein, respondent argues that petitioner is currently subject to the 90-day mandatory detention period because his removal order became final after he failed to appeal the order within the time prescribed to do so. (*Id.* at 1.) On September 16, 2026, respondent filed a motion to dissolve the court's order that temporarily enjoined the government from transferring petitioner out of the Eastern District of California or removing him from the United States. (Doc. No. 11.) Therein, respondent indicates that the government has secured travel documents to effectuate petitioner's removal from the United States. (*Id.*)

Based upon the parties' briefing, the court finds the following facts. In July 2024, petitioner, a citizen of Venezuela, was released into the United States by immigration officials. (Doc. Nos. 1 at 5; 8-1 at 1.) On or about June 4, 2026, Immigration and Customs Enforcement agents arrested petitioner in New York after initiating a traffic stop of his vehicle. (Doc. No. 8-1 at 3.) On June 16, 2026, an immigration judge ("IJ") ordered petitioner removed to Ecuador.[1] (Doc. No. 8-2 at 1.) Petitioner reserved the right to appeal the IJ's removal order and the deadline to do so was July 15, 2026. (*Id.* at 4.) It is undisputed that petitioner did not appeal the IJ's order by that July 15th deadline.[2]

In light of the evidence before the court that petitioner is subject to a final removal order, the court incorporates and adopts the reasoning set forth in its prior order *Balza Coronel v. Warden, California City Det. Ctr.*, No. 1:26-cv-04757-DAD-JDP (HC), 2026 WL 1907984, at *1 (E.D. Cal. July 2, 2026), in which the court denied the *habeas* petition without prejudice because

---

[1] Petitioner states that he was ordered removed to Ecuador because he "cannot return to [his] home country." (Doc. No. 1 at 6.) However, from a review of the IJ's order, petitioner was not granted either withholding or deferral of removal to any other country. (Doc. No. 8-2 at 1.)

[2] The court notes that petitioner alleges that he was unable to appeal the IJ's order because the first detention center at which he was confined "was under quarantine" leaving him unable to communicate with anyone outside the detention center. (Doc. No. 1 at 6.) Nonetheless, petitioner is not arguing in this action that his removal proceedings were unfair in some way, nor does he generally dispute the finality of his removal order. Perhaps most importantly, petitioner has not moved to reopen his removal proceedings pursuant to 8 C.F.R. § 8 C.F.R. § 1003.23. Instead, the pending petition only challenges petitioner's detention as being prolonged and argues that petitioner's removal does not appear to be reasonably foreseeable. (Doc. No. 1 at 6.)

petitioner's removal order became final when he failed to timely appeal and he became subject to mandatory detention during the 90-day removal period.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED without prejudice to renewal if his detention were to become prolonged;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2), motion for temporary restraining order (Doc. No. 3), and motion to appoint counsel (Doc. No. 4) are DENIED as moot in light of this order;
3. Respondent's motion to dissolve or modify the court's prior order (Doc. No. 11) is GRANTED as follows: the court's prior order prohibiting respondent from transferring petitioner out of the Eastern District of California or removing him from the United States is DISSOLVED; and
4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 11, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE